UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUND WATSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>Defendants. | Case No. 18-cv-00928-SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT; ORDERING FIRST AMENDED COMPLAINT FILED; AND REMANDING ACTION TO MARIN COUNTY SUPERIOR COURT**<br><br>Re: Dkt. No. 21 |

Currently before the Court is plaintiffs' motion to amend the complaint. Dkt. No. 21. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing set for August 17, 2018. Having considered the papers submitted, and for the reasons discussed below, the Court GRANTS plaintiffs' motion to amend the complaint; ORDERS that the [proposed] First Amended Complaint be FILED; and REMANDS the action to Marin County Superior Court.

**BACKGROUND**

On February 23, 2013, plaintiffs Edmund and Loretta Watson purchased a 2013 Ford Escape automobile from Novato Ford, under warranty from Ford Motor Company. Dkt. No. 21 at 1. Plaintiffs allege that the car subsequently developed defects during the warranty period. *Id.* On January 9, 2018, plaintiffs filed a complaint in Marin County Superior Court against defendants Ford Motor Company, Marin County Ford, and Journey Ford. Dkt. No. 1-3 at 1. Plaintiffs allege violations of the California Civil Code, breach of express written warranty, breach of implied warranty of merchantability, and fraud by omission. *Id.* at 2. Plaintiffs served

1 defendants on January 11, 2018, and defendants removed the case to the Northern District of
2 California on February 13, 2018, asserting diversity jurisdiction.

On July 11, 2018, plaintiffs filed a motion to amend the complaint seeking leave to add defendant, Novato Ford, under Federal Rule of Civil Procedure 15(a) and 28 U.S.C. § 1447(e). Dkt. No. 21. Plaintiffs allege they erroneously believed Novato Ford had been named in the initial complaint and now wish to add the dealership under the same facts for breach of implied warranty. Dkt. No. 21 at 13-15. On July 25, 2018, defendants filed an opposition alleging plaintiffs' motion requests improper joinder for the purpose of destroying diversity jurisdiction. Dkt. No. 24 at 1. On August 1, 2018, plaintiffs filed a reply to the opposition.

**LEGAL STANDARD**

**I.      Rule 15(a)**

Federal Rule of Civil Procedure 15 governs amendment of the pleadings. It provides that if a responsive pleading has already been filed, the party seeking amendment "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be generous in granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (finding leave to amend should be granted with "extreme liberality"); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

**II.     28 U.S.C. 1447(e)**

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court. 28 U.S.C. § 1447(e). Under § 1447, whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the court. *See Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir.1998); *Palestini v. Gen. Dynamics Corp.,* 193 F.R.D.

654, 658 (C.D. Cal. 2000); *Clinco v. Roberts,* 41 F.Supp.2d 1080, 1082 (C.D. Cal. 1999).

**DISCUSSION**

**I.     Leave to Amend**

There are several accepted reasons to deny leave to amend, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and previous amendments. *See Ascon Props.*, 866 F.2d at 1160; *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988). Courts do not ordinarily consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, but leave may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

These factors do not carry equal weight; rather, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

**A.     Bad Faith**

The burden is on the party opposing the motion to convince the court that "justice" requires denial because of bad faith. *Alzheimer's Inst.of Am. v. Elan Corp. PLC*, 274 F.R.D. 272, 276 (N.D. Cal. 2011). The opposing party must provide "substantial[ly] competent evidence" of bad faith. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

Defendants argue that plaintiffs' approach "comes close to bad faith." Dkt. No. 24 at 10. Defendants note the complaint was filed in early January and removed to this Court in February. Accordingly, defendants argue, plaintiffs' counsel had six months to correct their mistake and now move to add a non-diverse defendant in an attempt to destroy diversity. In their declaration, plaintiffs' counsel states the delay "was due to confusion as to the correct location of this dealership," and "that before this discovery, [they] had mistakenly believed that the selling dealership had been named in this case." Dkt. No. 21, Zhang Decl. ¶ 4. While the Court

3

acknowledges the months-long delay in filing this motion, it finds no evidence on the record that plaintiffs have acted in bad faith.

### B. Undue Delay

Most courts hold delay alone is not enough to support denial of a motion for leave to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). However, "the longer the delay, the greater the presumption against granting leave to amend." *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (internal quotes omitted). Leave to amend has been denied where the moving party either knew or should have known the facts on which the amendment is based when drafting the original pleading but did not include them in the original pleading. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (*overruled on other grounds by City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 616 (9th Cir. 2017). Here, counsel has stated under oath that she only recently learned that the selling dealership had not been named in the complaint, the case is in its early stages, and no dispositive motions have been filed. Under these circumstances, the Court does not find that the six month delay from the filing of the complaint to plaintiff's request for amendment amounts to undue delay.

### C. Prejudice

"Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC* , 316 F.3d at 1052 (internal quotes omitted). Courts presume prejudice where a motion to amend is brought late in litigation. *Solomon v. North American Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (denying motion to amend on the eve of discovery deadline because it would require reopening discover and delaying proceedings). In addition, litigation expenses caused by a proposed amendment may be deemed prejudicial. *Owens* , 244 F.3d at 712 . Most importantly, the prejudice must be substantial. *See Morongo Band of Mission Indians*, 893 F.2d at 1079 (affirming denial of leave to amend complaint in light of the radical shift in direction posed new claims, their tenuous nature, and the inordinate delay).

As the defendants acknowledge, this case is still in its early stages. Dkt. No. 24 at 9.

Although the scope of discovery and litigation costs may increase, this is a natural result of litigation. Based on the current stage of the case, the Court finds that additional discovery on a relevant party will not substantially prejudice the defendants.

### D. Futility

An amendment is futile if the pleading's deficiencies cannot be cured by any amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Federal Rule of Civil Procedure 20 allows joinder where: (a) plaintiff's claims arise out of the "same transaction, occurrence, or series of transactions or occurrences," and (b) there is at least one common question of law or fact linking all claims.

Here, the Court finds plaintiffs' arguments against Novato Ford are part of the same series of transactions or occurrences and deal with one common question of law or fact. Therefore, plaintiffs' arguments against Novato Ford are not futile.

### E. Previous Amendment

Here, plaintiffs have not previously requested to amend the complaint. Plaintiffs' failure to name the new defendant was a plausible mistake which they sought to rectify once becoming aware of the mistake. Dkt. No. 21 at 15. The Court finds it proper to grant plaintiffs leave to amend the complaint.

## II. Joinder

Courts generally consider the following factors when deciding whether to allow an amendment to add non-diverse defendants: (1) whether the new defendant is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *IBC Aviation Servs., Inc. v.*

5

*Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

Here, plaintiffs reside in Marin County, California. Dkt. No. 21-2 at 5. Defendant Ford Motor Company is incorporated in Delaware with its principal place of business in California. *Id.* Defendants Marin County Ford and Journey Ford are incorporated and have their principal place of business in California. *Id.* Plaintiffs now wish to add Novato Ford as a defendant. Novato Ford is incorporated and has its principal place of business in California. Dkt. No. 21-4 at 2. Defendants' civil cover sheet alleges Marin County Ford and Journey Ford are fraudulently joined. Dkt No. 1-9 at 1. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Nevertheless, one exception to the requirement of complete diversity is where a non-diverse defendant has been "fraudulently joined."). Defendants have not contested their joinder in any subsequent pleading. Defendants now claim the joinder of Novato Ford would destroy diversity. Dkt. No. 24.

### A. Party Needed for Just Adjudication

Federal Rule of Civil Procedure 19(a) requires joinder when the person's absence would prevent complete relief, impede their ability to protect their interests, or subject any of the parties to inconsistent obligations. "This standard is met when failure to join will lead to separate and redundant actions." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011. Further, the person to be joined cannot destroy subject matter jurisdiction. Fed.R.Civ.P. 19(a). While courts consider Rule 19(a), they also consider amendments under § 1447(e) which are less restricted. *Id.* at 1011–12. Under § 1447(e), courts do not allow joinder of non-diverse defendants when they are "only tangentially related to the cause of action or would not prevent complete relief." *Id. See, e.g., Red Buttons v. National Broad. Co.*, 858 F.Supp. 1025, 1027 (C.D. Cal. 1994) (denying amendment to add non-diverse defendants who had no direct ties to the underlying allegations).

In *Lopez v. General Motors Corp.*, the Ninth Circuit found that in an action against an automaker for injuries stemming from a car accident, the dealership could not be joined under Rule 19(a) because it was not an indispensable party and joinder would deprive the court of diversity jurisdiction. 697 F.2d 1328, 1332 (9th Cir. 1983).

However, under circumstances analogous to this case, courts in this District have held that auto dealerships may be necessary for adjudication of state law claims, for purposes of a § 1447(e) analysis. For example, in *Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-CV-04987-BLF, 2017 WL 403495, at *2 (N.D. Cal. Jan. 31, 2017), plaintiff alleged that the breach of the implied warranty arose from the same alleged defects in a vehicle and the same failed attempts to repair that vehicle. The Court reasoned that trying two separate cases could lead to inconsistent findings, and therefore this factor weighed in favor of joinder. *Id.*

Here, plaintiffs allege that the breach of the implied warranty arises from the same vehicle, its alleged defects, and a failed attempt to repair that vehicle. Dkt. No. 21 at 11. Here, as in *Sandhu*, trying two separate cases could lead to inconsistent findings.

### B. Statute of Limitations

The Song-Beverly Act imposes a four-year statute of limitations for breach of warranty actions. U.C.C. § 2725. However, where a plaintiff can file a separate action in state court for a new defendant, there is less reason to join the new defendant in the federal court action. *Sandhu*, 2017 WL 403495, at *2; *See Clinco,* 41 F. Supp. 2d at 1083 (finding statute of limitations factor does not support amendment when plaintiff does not argue action against new defendant in state court would be time-barred). It is unclear from the complaint and motion to amend whether the alleged breach occurred in the past four years. However, neither party argues that a new action against Novato would not be timely. Dkt. No. 21 at 12; Dkt. No. 24 at 5. Thus, this factor weighs against joinder.

### C. Unexplained Delay

There is no unexplained delay when an amendment to add a non-diverse party is attempted in a timely manner. *See, e.g., Clinco,* 41 F.Supp.2d at 1083 (finding no untimely delay when amendment was requested less than six weeks after complaint); *Lopez,* 697 F.2d at 1332 (finding untimely delay when, just four days before motions for summary judgment were to be heard, plaintiff attempted to add a defendant who was eliminated from first amended complaint); *Sandhu*,

2017 WL 403495, at *3 (finding no untimely delay when plaintiff filed his first amended complaint within the time limits afforded by Rule 15 and before any dispositive motions were filed).

Based on the same reasoning stated for undue delay, the Court finds there is no unexplained delay here. Thus, this factor weighs in favor of joinder.

### D. Intended Solely to Defeat Federal Jurisdiction

Where defendants argue that fraudulent joinder should defeat permission to join a non-diverse defendant, they must demonstrate fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). In *IBC Aviation Servs., Inc.*, the Court refused "to impute improper motive to plaintiff simply because plaintiff seeks to add a non-diverse defendant post-removal." 125 F. Supp. 2d at 1012. The Court reasoned that "suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *Id.* at 1012. The Court also considered the new defendant's role in the cause of action and found plaintiff's desire to add the defendant to be "reasonable and justifiable." *Id.* Likewise, in *Sandhu*, the Court found that while the circumstances suggested one of plaintiff's motives was to defeat jurisdiction, it was not clear that it was plaintiff's sole motivation, particularly because a possible valid claim existed against the new defendant. 2017 WL 403495 at *3.

Here, plaintiffs seek to add the dealership to the existing breach of implied warranty claim under the same set of facts. Dkt. No. 21 at 13. As in *IBC Aviation Servs., Inc.* and *Sandhu*, a seemly valid claim exists against the dealership. Thus, plaintiffs' desire to add the new defendant is reasonable and justifiable. It is not clear that plaintiffs' sole motive is to defeat diversity jurisdiction and defendants have not provided any clear or convincing evidence to that point. Therefore, this factor weighs in favor of joinder.

### E. Valid Claims

A claim is valid if it seems to have merit. *See Goodman v. Travelers Ins. Co.,* 561 F.Supp.

1111, 1113–14 (N.D.Cal.1983). In other words, "the defendant and the court must be given some basis for believing the Doe pleading is not a mere sham." *Hartwell Corp. v. Boeing Co.*, 678 F.2d 842, 842 (9th Cir. 1982), *overruled by Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir. 1987), *vacated*, *Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir. 1989). "[N]umerous courts have found implied warranty claims against dealerships to be valid, and the dealerships to be necessary parties, in connection with claims under the Song-Beverly Act." *Chipley v. Ford Motor Co.*, No. 18-CV-01161-YGR, 2018 WL 1965029, at *2 (N.D. Cal. Apr. 26, 2018). Further, when a defendant "does not cite any authority that joinder of an indemnitee is unnecessary, or somehow renders an otherwise valid claim invalid, simply because its indemnitor is already a party," it is not sufficient to determine validity of a claim. *See Sandhu*, 2017 WL 403495, at *4.

Here, plaintiffs seek to join the dealership for breach of implied warranty after purchasing an allegedly defective car from the dealership, which while under warranty, the dealership refused to fix. Dkt. No. 21 at 1-4. Based on the facts and case law cited by *Chipley*, the claim appears to have merit at this stage in litigation. Accordingly, this claim should be considered valid. Thus, this factor weighs in favor of joinder.

### F. Prejudice

Prejudice to the plaintiff occurs when plaintiff must "choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1013. Further, amendment will not prejudice a defendant when discovery has not begun. *Id.* "Where the claims against the sought parties arise out of the same factual circumstances, it is to the economic benefit of all parties, and the judicial system, to have the entire controversy adjudicated only once." *Sandhu*, 2017 WL 403495, at *4 (internal quotations omitted).

Here, plaintiffs argue if the Court denies plaintiffs' request to amend the complaint, plaintiffs would have to sue the dealership in state court regarding the same legal issues and facts or forego claims against the dealership. Dkt No. 21 at 15. Such re-litigation would be highly prejudicial to the plaintiff. Further, granting joinder would be the most economic option.

Therefore, this factor weighs in favor of joinder.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS the Motion to Amend the Complaint. The Court orders that plaintiffs' [Proposed] First Amended Complaint, Dkt. 21-3, be FILED. Since the First Amended Complaint names a non-diverse defendant, the Court finds that it lacks jurisdiction over this matter and REMANDS the action to the Superior Court for the County of Marin, where it was initially filed..

**IT IS SO ORDERED**.

Dated: August 15, 2018

SUSAN ILLSTON
United States District Judge